Case No. 22-3038, United States of America Appellant v. Joseph W. Fischer Mr. Pierce for the Appellant and Mr. Smith for the Appellee Good morning Mr. Pierce, whenever you're ready Good morning and may it please the Court, James Pierce of the United States I'd like to reserve three minutes for rebuttal For their participation in the attack on the United States Capitol on January 6, 2021 The defendants were charged with, among other things, corruptly obstructing an official proceeding Namely, the certification of the electoral college vote Congress in Section 1512C enacted two distinct and independent prohibitions One, for tampering with records, and another, charged here, for otherwise impeding an official proceeding Section 1512C2's plain text covers any corrupt conduct that obstructs or impedes an official proceeding And the word otherwise indicates that the provision encompasses conduct other than the document destruction and evidence tampering in Section C1 Why doesn't it indicate offenses similar to the ones listed in C1, which is how the Supreme Court read otherwise in Begay? So, for various reasons we list three in our brief Otherwise is most natural meaning, and the one that one would consult and find in various dictionaries is another way, a different way Not in sort of a different but fundamentally similar way as Judge Bates characterized the reading that the district court below gave But specifically the reading that the Supreme Court or the majority in Begay gave to otherwise Was looking at a very different provision than 1512C2 The residual clause of the Armed Career Criminal Act But before you get to the grammar and punctuation points, isn't that just Begay's understanding is consistent with how language normally works? The example in the bar memo, but if we say slap, punch, kick, butt, or otherwise hurt You know that hurt doesn't mean economic harms So two responses, one is looking at other statutes, so for example the federal kidnapping statute that says ransom, reward, or otherwise The Supreme Court in 1936 said actually otherwise in that context doesn't limit sort of what follows to pecuniary benefits or something like ransom or reward But I would grant that if you have sort of this long list of things at the end of which is something that just says and otherwise Sort of similar to what the plurality of what Justice Alito did in case You can or the court might appropriately apply something like the Aeustum Generis or Notior Torosokis And say we liken what follows this to what comes before it But that's again not even just as a matter of grammar but also as a matter of structure as well as purpose What 1512C2 is doing What you have there is a provision that sets out the document destruction, alter, delete, or not delete but mutilate, conceal, etc And then you have an entirely separate and distinct prohibition And that's not only a matter again of the structure but also the verbs and the objects And this is something that I think Judge Malton in Montgomery points out You're talking about sort of the effect on static objects in C1 Whereas in C2 you're talking about changing the nature of the proceedings Changing the dynamic proceeding And to give it this more limited reading Whether it's take some action with respect to a document, record, or other object as the district court construed it Or as I read my friends on the other side, not exactly to defend the district court But sort of any act that Comparing evidence Right, availability Which just to pause on that point for a moment I think that also sort of highlights a core problem here Which is the problem in Begay You're just sort of going down a path where you're going to end up with no one really knowing what this means If you stick with the plain text of the prohibition, you don't take that I mean, each reading has its difficulty But I'm not sure clarity cuts in your favor I mean, impairing physical evidence is a pretty clear standard It may be too narrow, but Is there any textual basis for the impairing evidence? Well, no There is no textual basis And the district court, I don't think, points to a particular thing that does that And if I could also just get back to Judge Katz's point I don't think our reading has clarity problems What I understood the district court below to say is Well, wait a minute Interpreted in this way, it's going to reach all sorts of things that it shouldn't But there are other limitations in 1512c2 that deal with that problem So the corruptly, the nexus, and frankly also the official proceeding point I mean, one of the problems in What's your definition of corruptly? So corruptly includes but is not fully intent to obstruct And it also includes What? It intends to obstruct Okay, that's part of it That is part of it That's not all of it Absolutely not That's a necessary but not sufficient element, right? That's correct And in fact, when courts, district courts have instructed on 1512c2 They've actually put that outside of the corruptly piece But I just want to make sure that we think that's a required element that we must shoulder It also includes acting either with independently corrupt or unlawful means Or corrupt purpose And when you say independently corrupt or unlawful I know what unlawful means What does independently corrupt? I think there, and so that the court is clear This standard comes from the late Judge Silverman's separate opinion, separate writing in the North case We understand I'm going to get to why we should take yours in a second But first, I just want to understand what yours is What it is Right, so I think really the focus is on independently unlawful means I think, you know, wrongful there could essentially take on the meaning as unlawful And the way, I'm sorry And then before you get to what I think you're going to say, which is unlawful means Or you're going to give some kind of a purpose element that could satisfy it Here, were all the means as alleged in the indictment unlawful? So, the yes is the short hand And certainly the way the government would expect to prove this at the trial Which points to the trespass, the assault, the civil disorder As the means by which the defendants carried out their obstruction of the congressional proceedings And I misspoke a little bit I meant independently unlawful and that's how you That's correct, right So we wouldn't say the obstruction itself And I think that knocks out cases like or hypotheticals like standing up in a proceeding Like the Braunstein case is an example we give in our briefs Where someone goes in and stands up at the Supreme Court and sings and otherwise disrupts That's not a violation of C2 It's certainly obstructive conduct I'm interrupting you now, but I'm interrupting you now to make sure that you don't That you're able to finish with your full definition Right, so we talked about independently corrupt means, corrupt purpose I think frankly on a case like this we can prove this up without having to guess the corrupt purpose But the kinds of things that that would encompass One, Judge Friedrich identified in the Rapid case Another of the January 6th related cases Is someone intending to perform an unlawful result Essentially intending to use unlawful means So there she pointed to a defendant who said We're going to stop this thing by dragging legislatures out by their heads Or by the heels of their heads hitting every step What about an additional requirement? So you have to prove intent You have to prove either independently unlawful means or some version of corrupt purpose Let's put a pin in what otherwise corrupt purpose means Because it is pretty hard to define, probably not necessary here You also have to prove, in order to satisfy the corruptly word You also have to prove a desire to obtain a financial or other benefit So no, I would say that is a sufficient but not necessary piece I would say that that could fall under the corrupt purpose But not necessary if you're going to go the route of independently unlawful means That is correct And what's your support for that? Is it just the Silberman concurrence? So yes, I think that's the Just Judge Silberman's concurrence Partial dissent, partial concurrence in North I think sets out it can be either or both So now the question I previewed and then I'll get out of your way Let's say that I understand your definition of corrupt And let's say that it is Judge Silberman's definition of corruptly in a non-binding opinion Justice Scalia has a definition of corruptly in some cases Justice Thomas does Judge Friedrichs did that Very thoughtful analysis of what it might mean here As have many, many other district judges in our court I think maybe 20 of them have weighed in on this There's common law, definitions of corruptly Why should we pick Judge Silberman? If you're going to pick a judge, he's a great one to pick But why should we pick his definition as opposed to a dozen other contenders? So let me just sort of clarify some things built into the court's question I think 18 other judges on this court have accepted the definition of corruptly That we have set out here It was not Judge Friedrich but Judge Moss in footnote 5 of his opinion That it can take on that meaning but did not adopt the meaning of improper benefit or advantage And again, I'm not saying that that is not in a case a potential theory I'm saying that under a corrupt purpose theory That is what one could point to as a potentially corrupt purpose So again, it would be sufficient but not necessary I'm going to try to answer your question more directly Why is Judge Silberman's definition the best? So it's best because in cases like this That involve the obstruction of Congress This is the kind of definition that focuses Sort of recognizes that people can do things that There is essentially a lawful way to obstruct or to influence And that I think is the problem that Judge Silberman is getting at And that the 18 other district court judges that have found our reading persuasive Have also noted which is It is perfectly okay to try to Let's take it in the January 6th context Advocate that members of Congress not certify the election By objecting through the Electoral Count Act process This definition though which focuses on Independently corrupt means or And I can talk about the additional ways to get to purpose It ensures that what they are doing is in fact corrupt or wrongful And places a limitation on their conduct So I'm sorry, corrupt Is it sufficient to prove either corrupt motive or corrupt means Or do you need both? I wouldn't call it motive I would call it corrupt purpose Corrupt purpose could be sufficient Could be sufficient and that's also consistent with The way that I see my time So in 1515 subsection B Congress defines corruptly not for purposes of 1512 But for purposes of 1505 To be just corrupt motive I think the specific term is improper purpose And then it says including things like Giving false statements So why wouldn't that pick up The person who's sitting in the gallery And then just starts shouting during the proceedings So separate question, right? I mean that's not the definition that we think applies to 1512 C2 We think the more demanding one I'm sorry, give me your 1512 C2 definition So corrupt purpose which would require The intent to bring about something unlawful Influencing someone to violate a legal duty Or as my colleague with Judge Walker indicated An attempt to gain some unlawful or improper benefit So in the example of the person standing up We will fully concede that that falls within the conduct As we see it, right? That is, you're obstructing But I don't see how that fits any of the three Corruptly definitions You're not trying to bring about something unlawful Maybe you're trying to stop the confirmation of some judge Or whatever it is Advocate for or against the passage of some bill That's not an unlawful result Nor are you trying to ask someone to violate some legal duty Nor are you trying to secure an improper benefit Or advantage for yourself or for someone else So while that would fall within the conduct Sort of the scope of conduct of C2 It would get knocked out under corruptly And again, that's maybe to circle back to where we started Or the question about the problems with our definition Clearing is not a problem To the extent it is As I took the district court below to be concerned with The breadth of it Corruptly Next, which we haven't spoken about An official proceeding Building those limitations to knock out some of those kids The person who shouts out Has no good faith belief That that's a proper means of stopping the proceeding No good faith belief that the impending certification Is going to be improper They just want to disrupt Why wouldn't that be improper You're resisting motive Fairly Improper purpose Again, because I think There is a risk that if improper purpose is construed To pick up Just kind of what's in someone's head To the extent of I mean, you can imagine a hypothetical They are getting up there because The person who's up for confirmation You know, they had a fight with it 10 years ago And so that's why And so that's why I think Giving some teeth to corrupt purpose As along the lines that I just laid out If that's the route on which the government's theory proceeds Again, that's not the route in which I anticipate this case And frankly, the vast majority of the January 6th related cases Will proceed They'll be on the corrupt means theory But yeah, I do recognize that if corrupt purpose is watered down So as to sort of get in, you know Personal antipathy to whatever is happening That could be problematic But the point is It does place that limitation Is the definition of corruptly really before us right now? That doesn't seem to be the basis of the appeal It's not briefed that way Judge Nichols That wasn't what the parties were disputing Before Judge Nichols from my reading That's exactly correct The definition of corruptly Some defendants have challenged it In fact, the defendants here challenged it below Judge Nichols didn't reach that In his order denying reconsideration In a footnote, I believe Judge Nichols said Well, I think the corruptly is too capacious to place a limitation But this court certainly does not need to be defined corruptly To disagree with the plain text reading that we offer And that the district court rejected And it's not something I think it would be sufficient to say Corruptly places a limitation on the nature of How broadly 1512c2 reaches To the extent we are concerned with The interpretive principles that Criminal statutes are to be construed With limitations I'm well beyond my time If there are no other questions We probably have some more for you Go ahead You want to go first? Go ahead Many judges have weighed in on the corruptly question You're right Judge Nichols didn't get to it here Because he didn't have to But most judges have had to And we have a lot of District judges who have weighed in I think we can Weigh in if we get to it You know, if we agree with you On official proceeding If we agree with you About the breadth of c2 Incorruptly aside Or we could say We're not going to decide this Until Judge Nichols weighs in first What would you prefer we do? I mean One quick quibble as well The official proceeding question I think is also not before this court That the district court Denied the defendant's ruling But to the bottom line I think we would like this court To construe consistently That there is not a Conduct-based limitation I think it would be enough to say Corruptly provides that You know, a cabining Let me rephrase it Because I'm sure That if you get a guarantee That we would rule for you You would want us to rule for you But in a moment right now When you don't know Whether we're going to rule with you On the corruptly question Or whether we're going to accept The arguments that the defendants Have been making to district courts Would you rather us Answer that question now If we rule for you On the other questions first Or would you rather us Rule for you on the other questions first And then remand to Judge Nichols To consider the corruptly question And why? How do we make that decision? I don't, you know What should we be thinking about When we make that? So exercise that discretion I think probably not decided now Is the better result Or is the better way of proceeding Assuming you agree with us And you get to this question of Does this court need to say more Than corruptly as a restraining Or constraining principle? And I think partially that's because A lot of judges have given this a lot of thought It's come up through jury instructions This court doesn't have a jury instruction In front of it I've got here some that I'm happy to Quote to the court And I've kind of relayed some of those In answering the court's questions But I think probably the better way For the court to decide that Is on a record before it And deciding corruptly With respect to a jury instruction Potentially a vagueness We've got unconstitutional vaguenesses Vagueness challenges to corruptly as well I mean what pushes against that Is I'm sure this court is aware We have many, you know Nearly 300 cases that charge 1512 C2 And so some degree of clarity Is of course welcome I think for all the parties involved But I think as a matter of Sort of proceeding I think probably waiting until The issue is more squarely defined Would be the proper way The proper time for this court to weigh in And there are a couple of cases That are currently placed in abeyance Pending this case Where I think the court could decide It would help relatively expeditiously You talked about this in your brief But I want you to have a I'd like you to talk about it more The argument against you on C2 Is that if you're right about C2 C1 is surplusage Maybe even a lot more than C1 is surplusage Maybe some of B is entirely surplusage If you're right about C2 Can you just kind of Speak to the surplusage issue Sure, even if it were correct That C2 rendered much of 1512 surpluses And I think at a minimum It carves out 15A1C, A2C, B3, and D2-4 None of which have any relationship To an official proceeding But surplusage comes into play When for the canon on surplusage Comes into play when So you're weighing no surplusage on one side And surplusage on the other I understand either The defendant's interpretation Or the district court's below To also involve surplusage Essentially it would make C1 Which is the base plurality Called a broad evidence foliation provision C2 would essentially just Kind of be redundant as to C1 So I don't think To the extent surplusage canon comes into play It sort of is a net neutral And of course, as we've quoted in our brief Overlap in criminal law is not unusual There are plenty of cases That recognize that And it's certainly not a reason To give an artificial limiting construction When you've got plain language As we do here Overlap is not unusual But in other things equal Surplusage is bad And more surplusage is worse Than less surplusage So it's a perfectly fair point No matter how you read this There will be overlap Maybe substantial overlap But your interpretation Produces a lot more surplusage Than the competing one From your friends on the other side I think that's fair But where the court started right there Was all things equal And we would strenuously reject the notion That all things are equal here We think not only do we have a Far more compelling plain text argument But also to the extent One wants to look a little bit At legislative history I think yes, of course In the post-Enron era There was a principal consideration On document shredding But at the same time There were two other things That were going on there That I think are equally important One in 1512c Congress was trying And Judge Bates talks about this in McHugh Sort of a direct obstruction provision The rest of 1512 At least its substantive provisions Have this set up Where essentially someone Has to have affected person X For person X to then take Some other action 1512c allows for direct obstruction C1, again, perfectly understandable In the Enron context Focuses on documents And evidence tampering C2 says conduct other than that When directly targeting Thwarting an official proceeding And so I think that You know, understood in that context Things, again, are not equal I grant Our reading has more surpluses But again, not a reason to reject I mean, the Enron problem or fix Is the difference between Indirect obstruction And direct obstruction Right? You cause someone else To shred the document That's covered If you shred the document yourself That's not covered That's the fix in C1, we agree And if that's If that's the motivating problem I mean, I'm a little skeptical Getting into any of this To be frank But if we do It seems like Your reading of C2 Does vastly more than Fix the Enron loophole So I think that's probably fair But then that's sort of The second of the two points And I will not resist the courts Saying legislative history Probably doesn't offer much here I mean, I think as we recognize C2 is added relatively late in the game But Sorry, so Lost my train of thought as to what There's a mismatch There's a mismatch between The most obvious problem Before Congress And on your view What the solution is Right Which is this wholly new Conception of obstruction Divorced from any sense of Evidence tamper So I don't think it's wholly new In so far as Congress in 1982 Had thought about a residual clause That sort of resembles what happened And of course Not something that we've talked about today But in our brief in 1503 A, you know, the omnibus clause in 1505 There were similar provisions That Congress, you know Likely had in mind in drafting it But to get to the point And the point that I forgot Which is The legislative history Not only focuses And again, we'll fully concede On the document shredding And the post-Enron context But even But it also talks about how 1512 Is, quote, riddled with loopholes Right And I think it is fair to understand As Judge Moss and Judge Bates Did in their opinions Below McHugh and Montgomery That it makes relatively little sense To say that Congress is focused Only on that When they specifically legislate Two distinct prohibitions They've got, you know Not only 1512c1 But they also, of course Enacted 1519 Which was at issue in Yates And 1520 Which is sort of an audit Obstruction provision Those are clearly all With Enron squarely in mind Well, that doesn't account For what 1512c2 does And when you're talking about This transition to direct obstruction And you're also talking about A Congress that is concerned about Legislation riddled with loopholes We think that to the extent Legislative history does Some work there That pushes in our favor Or, again, at least At a minimum Is a net neutral Where we think our textual argument Is working What do you do with The elephants and mouse holes Consideration With the placement Of this new offense In c2 If Congress were concerned Much more broadly Not just Do you Tamper Do you get someone else to tamper With the evidence Or do you do it yourself But with other forms Of obstruction Unrelated to Evidence tampering Or witness tampering Right, that's Sort of 1512 writ large And if that's the concern It seems odd For the new offense Addressing that To be buried in a Subsection of a subsection So, a couple of responses First of all, 1512 Is, as the Yates plurality described it Full of broad prescriptions Is one of the sort of standard Obstruction statutes That is used and deployed Along with 1503 and 1505 This is responsive to the question Are we talking about a mouse hole here I think a mouse hole might be Some of the provisions at the beginning of chapter Or the end of chapter 73 Again, the Yates plurality Described 1519 along those lines One of these specialized Prohibitions towards the end of it And I think that's also And this is in our brief, but I'll just make the point Crisply, the way 1512 is structured C2 sits at the end of the most Serious provisions, that's exactly where A reader would expect A kind of catch-all provision To sit And so that's not Unintuitively in the middle back Or in the subsection of the subsection That is directly where you would Have something that captures For direct Obstruction, things that are not Otherwise Document destruction And the last point on this 1512 doesn't just Go to witness, tampering, and to document Destruction, it also involves And this was prosecuted in Another of the January 6th cases Interfering with communications To law enforcement In that respect, 1512 Maybe is an elephant already And so it's a perfectly natural place To put a catch-all provision Well 15, I mean Yeah, 1512 1512 writ large is an elephant I guess C2 seems On your reading Seems like a very big deal Relative to the rest Of 1512 I take your point You know, it's at the right You read it from beginning to end It's a plausible Account Why it's after C1 And before B It does seem Odd that it's C2 rather than Its own Its own section Well, I mean, I don't think It's odd as far as, again, Congress Likely had in mind, and certainly the legislative History does bear out document shredding foremost But if you think On your reading, which is that Otherwise does no work And the words that follow Otherwise Just stand on their own, wholly unrelated To Examples listed in C1 So that's I think that's certainly how the district court Characterized our reading I don't think that's an apt characterization As many other judges, district court judges In this district have recognized And Judge Contreras noted in Fitzsimons What otherwise does Is it contrasts the prohibition In C1 from the prohibition In C2 As Judge Moss said, it shifts the emphasis From the evidence foliation To attacks or Efforts to thwart, to obstruct, to Influence the proceeding itself And so that is a tethering And it's not examples Examples is the Begay case, or the AIDS case These are two independent prohibitions As Justice Scalia Similar to what Justice Scalia said in his concurrence in Aguila The last one I have for you is the titles Again, not just Positive, but A clue, and you've got Not one title But two, you have the pre-existing Title of 1512, and then you Have the title 11 title in Sarbanes-Oxley, which is Corporate fraud Accountability And the offense In the offense you're Charging here It's reprehensible conduct on many levels But it's not corporate fraud Fair enough But the title of the actual C2 itself What became C2 Was tampering with a record Or otherwise impeding an official Proceeding, right? Which just tees up the same question about otherwise In the text 1512 C2 Maybe so, but I think it nonetheless makes clear That these are two distinct Prohibitions And, you know Obviously the plurality in Yates Looked at the title, and I think the title there Was a pretty hard-to-say object Was greater than the document record, etc. But here, and I point to Our filing in the district court Of document 74, and the opinions That Judge Nader had in Caldwell And Judge Moss in Montgomery Discussing Yates, including this Title mismatch We don't think that does the work that it did To end Yates Okay, Judge Walker Thank you, we'll give you time on rebuttal Okay, thank you Good morning, may it please the court Nick Smith for Appellees Fisher, Miller, and Lang The offense in section 1512 C2 Is an evidence impairment crime It's been an evidence impairment crime Since Sarbanes-Oxley was enacted in 2002 The statute I'm sorry, I'm having trouble hearing you I'm having trouble hearing you I apologize, Your Honor The offense in section 1512 C2 Is an evidence impairment crime It's been an evidence impairment crime Since Sarbanes-Oxley was enacted in 2002 The statute, section 1512 What's the textual basis for that? The textual basis, Your Honor, is that Plain meaning is not derived By isolating individual words in a sentence Looking to the dictionary definitions Oftentimes tertiary definitions of the words And deriving meaning Meaning is derived from syntax, grammar, semantics We have to look at the entire sentence Subsection C2 is not a sentence It's a fragment of a sentence It's a dependent clause When we read this sentence as a sentence We have to give meaning to every word And phrase there That's BGAY, that's the BGAY principle But it's not limited to BGAY I'm still not seeing where in the text It's an evidence impairment So, Judge Pan It's in the text because As the BGAY court held If we were to give meaning to just the words Obstruct, impede, and influence And not read them in the context Of the affiliation crime above Those words lose their meaning Destroy documents because If every act, Your Honor, that obstructs a proceeding Or influences a proceeding Constitutes the offense There is no sense given to the words In C1 There's no sense given to the word Otherwise their bereft of meaning So just as in BGAY when it was interpreting The ACCA clause in section 924 Judge Ginsburg Justice Ginsburg, excuse me, pointed out That if we were to interpret 924 EB2 Romanet 2 In isolation The words that are used in The Romanet directly above That phrase would have no meaning Because any risky violent crime Would cover all of those offenses already But if it's defined by C1 That's what Judge Nichols said Then that would be limited to documents, objects Things of that nature But you seem to be advocating A different limitation Which is that it's evidence Impairment And if you're just relying on the words Impeding, influence, etc Why isn't it just everything? Why would it be The evidence impairment versus The broad reading, which is what Every other district judge has held And what apparently the other courts of appeals Have held because even though those cases Involved evidence impairment Those other courts of appeals have all Very broadly interpreted This provision Your honor, we would encourage the court To look at the cases cited Including the courts of appeals cases cited by the government Because they all stand for the proposition That this is an evidence impairment crime There has been no precedence since 1982 None of them say I'm sorry, I think this is important None of those cases say That it's an evidence impairment crime They happen to involve facts that involve evidence impairment But none of them say so And they all say it's a very broad provision Your honor, it is correct That since 1982 No court specifically addressed The question whether A crime in the statute 1512 is limited to evidence impairment It's simply been assumed It's been assumed because no one Has ever argued before January 6th That this is anything other than An evidence impairment crime It's your only evidence that it's been assumed Is that it hasn't come up and a court hasn't ruled on it In any other context? Your honor, it's not an assumption Because we can look at Decades of protests at the capitol And other buildings Around the United States Where those events could have been characterized Under the government's theory as obstruction of justice But it's a category mistake, your honor Because acts of protest that don't involve Investigations and evidence Is not obstruction of justice The title of chapter 73 is obstruction of justice The meaning of obstruction of justice Is interference with investigations and evidence And your honor, I would point out The obstruction of congress defense As it exists in section 1505 and 1512 That it always involves interference With congressional inquiries or investigations Alone Those are the sole types of proceedings That have meant That have come up in the cases involving Obstruction of congressional investigations Since 1940, your honor In 1940, as this court pointed out In Poindexter Congress created a special type of offense For obstruction of congress I don't know how much weight that carries When what we're dealing with here Is a very different type of obstruction The facts here are just not comparable To these prior instances That you're referring to But let me ask you a different question It seems to me that Judge Nichols was very clear In his ruling That he believes that subsection c2 Is limited to Instances related to documents Other objects Things of that nature You're taking a different view You think it's more general than that It's evidence impairment That's what c2 stands for Are you defending Judge Nichols' holding? Of course, we're defending Judge Nichols' holding And we're taking it one step further No, no, I'm just asking you Do you think Judge Nichols ruled correctly And are you defending his holding? Absolutely, he ruled correctly Why are you then Offering a different theory? Your honor, we're not offering a different theory There are a couple of appeals court decisions That the government is citing Where subsection c2 has extended to types Of evidence impairment and availability interference That don't involve documents And records such as suborning perjury Or encouraging individuals To give false testimony In front of the grand jury Judge Nichols said that those were wrong Yes, and so your honor, what we are doing Is we are applying the principle in v-gag That every word and phrase in a statute In a sentence has to be given meaning And how does that apply in this context? Well, what Justice Ginsburg said Was that the crime in the general provision Of the statute has to be similar In kind and degree of obstruction In this case to the types of specific crimes Similar in kind, your honor So if we look at the kind of offense That's in subsection c1 It's an evidence impairment offense An attempt to influence The testimony In a judicial proceeding Is the type of evidence impairment offense It's similar in kind And it's similar in degree of obstruction Because they both affect the type of evidence That would be in a proceeding Unlike a protest Excuse me, counsel, when I start speaking You need to stop So, are you relying on v-gag? Is that your primary case that you're relying on? Your honor, I think it's accurate to say That we're relying on a canon of construction That was used in v-gag Which is to give effect to every purpose Of every word and phrase in the statute So can you explain The structure Of the statute at issue of v-gag As compared to the one here And why it's appropriate to rely on v-gag When in v-gag it was a list Of things And a casual phrase Whereas here we're in two different subsections Separated by a semicolon and an or Your honor, we understand We appreciate the government is making that argument But if we turn to the v-gag decision itself You can see that Justice Ginsburg interprets section 924 EB2 Romanet 2 in light of the words In EB2 Romanet 1 Which is separated by a line break And a semicolon So even in that case Your honor, I think I have the exact quote here for you From the court Quote, this is from v-gag If congress meant clause Romanet 2 To include all risky crimes Why would it have included clause Romanet 1 End quote That's 553 U.S. at 142 In that case The supreme court was holding That it's appropriate to apply The Euston-Generis concept of nostra socius When the phrases at issue Are separated by a line break and a semicolon So Your honor, after January 6th There was a category of nonviolent cases So can I ask, just following up On The distinction Between Judge Nichols' theory And yours So let's assume we Accept Your invitation To try to read the statute Consistent With how the gay Understood otherwise So we have a list of enumerated Items Then we have the word otherwise Then we have very general language Which we have to Limit to pick up The criterion of similarity Among the enumerated Items Well, you might say And Judge Nichols said That the most obvious Criterion of similarity If you look at C1 Is physical evidence Spoliation So why do we Jump up A level of generality To say well Really the Criterion that matters is just Evidence spoliation C1 is much more specific Your honor, I think it's Defensible as I just indicated to Judge Pan To rule as Judge Nichols did To find that the quote in kind Refers to documentary Evidence rather than the kind being Evidence writ large But I think your honor We're giving it to the government that there are I think at least three courts of appeals That have interpreted C2 to extend To non-documentary types Of evidence and we would agree that It could be appropriate to interpret The kind at issue to mean Evidence because that's how in fact Has been interpreted by various courts But I mean sure but Then Seems like you're taking a Less You're urging a less Textually obvious Floss In order to avoid A lot of bad precedent for you Your honor, I think what it comes down to Is the purpose of What happened in Arthur Anderson And the purpose of the Sarbanes-Oxley statute In adding subsection C. I take my colleague's Point about the distinction between direct Obstruction and indirect obstruction The problem for the Arthur Anderson prosecutors Was they had in section 1503 An omnibus obstruction crime But that section doesn't apply when the Proceeding is not pending That was the case in Arthur Anderson The judicial proceeding was Not pending when documents are threaded However, they had subsection 1512 That applies to scenarios where The proceeding is not pending However, at the time before subsection C was added, it only covered indirect Obstruction So it seems fairly clear from the context From the statutory history that subsection C was added to create the type Of evidence impairment defense that is Available in 1503 And extending it to section 1512 We don't need to reach stray comments about Documents shredding and the like And get that specific That is the Arthur Anderson Loophole. That is what's being closed By subsection C I think we didn't hear from our colleague Any explanation for why the Arthur Anderson loophole would have something To do with actions unrelated to Evidence Arthur Anderson had nothing To do with actions Like protests that don't relate to Evidence. And that's why this So what the Government is doing here is it's asking The court to look at isolated Words in a sentence, look at the Dictionary definition, and ignore The entire context of the statute And your honors, we would just I think we would quote Justice Kavanaugh recently He said quote The meaning of a sentence may be more than that Of the separate words as a melody Is more than the notes That's a dissent in Bostock. He's quoting Judge Hand. The problem That he was identifying there is if we Look at one word and we don't look At its use, its context, the people That interpret those words normally We're not doing justice to the meaning Of the statute. If you Look at melody That's a fair point, but Usually the melody for A Euston Generous type Argument Is you have a list Of nouns or verbs which are Very specific, and then you have a very General catch-all phrase At the end of the list, right? We have that here, but It goes to Judge Pan's point About the line breaking the semicolon But again, if we go back Let me finish. I'm not making the grammar Or punctuation point What's unusual Here is that C1 Is not just a list. It has Its own internal Structure and coherence You have a list of Verbs, you have a list of direct Objects, and you have A mens rea requirement Embedded in all of it And same To some extent with C2 You have a list of Verbs, and you have a direct Object, and The direct object in C2 Fits the verbs in C2 And the direct object Fits the verbs in C1 It seems more like Each one is More likely to stand On its own You know, when you Play the melody of C1 And then play the melody of C2 Well, if we could shift back From the music metaphor To grammar, we would just Point the court to the distinction between The omnibus clause In section 1503 Which Justice Scalia analyzes In Aguilar And What the government is calling The omnibus clause in C2 In section 1512 A true omnibus clause is a Sentence It's not a sentence fragment Section 1503, which the courts call An omnibus clause, is a complete Sentence, but subsection C2 Is a fragment It's not read in isolation because its meaning Is derived from the entire sentence So, Your Honor, I think even though there were verbs That are different in subsection C2 The entire Subsection C Is a sentence, unlike Other omnibus clauses And so, Your Honor, I think we have To point out here that the Injustice, that kind of misinterpretation I think that's important to look at The injustice of this Interpretation, and here's how it plays out If we give The government this interpretation, Your Honor May I continue? It collapses the distinction Between a misdemeanor offense That has been used for decades At the Capitol for protests, called The title of 40 offense called Parading And Demonstrating in the Capitol The intent, the criminal intent there Is to demonstrate in Congress Under the government's reading There's no distinction There's no conceptual distinction between that Class D misdemeanor And a 20 year penalty felony The government has never explained To any of the trial court judges Isn't that where the corruptly Definition comes in, according to the government? According to the government, that's where it comes in, Your Honor But one element that my Colleague left out here Is that in every jury instruction For 1512, in the district court In the trials that have gone on this charge Wrongful purpose Wrongful and evil purpose Are included I think you heard They are always included, Your Honor So I think you heard Mr. Pierce say Well, I think the focus here for corruptly Is on lawful means, that's the focus he said But wrongful purpose has been Included in, I believe In every, or virtually every Jury instruction As sufficient As one among many And so Judge Penn, this gets to your question Because you were just pointing out correctly Well, that's a different element Corruptly is not in the Title 40 Parody Offense But if it's defined to mean Acting with any wrongful Purpose, then compare The two crimes One person goes in the building with the intent to demonstrate And the capital Another person goes in with the intent to influence The proceeding of the capital with a wrongful purpose So then we're getting If corruptly, though, is the distinguishing Feature here, don't we need to wait for a case That raises corruptly to decide this? We can't decide the corruptly Thing because you're telling us it's unfair In order to influence our Statutory construction Thank you, Judge, for that And I meant to get to this So we need to interpret corruptly in this case Because the government's brief itself is arguing That the limiting function That your honor was just seizing on Depends on the definition Of corruptly It is arguing that we don't have the collapsing Title 40 problem and construct form Precisely because of its definition Of corruptly So let me ask you Judge Walker's question then If this case turns on corruptly Is this something that we should remand to Judge Nichols Or do we need supplemental briefing Because I don't think this case has been Teed up as turning on corruptly And we don't have briefing on that I don't think it would be correct for us to decide this without briefing Your honor, we're always happy I will never answer no To the request for supplemental briefing But I think the court has Not provided sufficient briefing here We've cited the Reeves decision And Justice Scalia's concurrence and dissent in Aguilar Where the judges are drawing a distinction Between two types of proceedings There are judicial proceedings Where actions that interfere With an investigation or evidence Are corrupt and wrongful per se The court in Reeves The Fifth Circuit decision said In that context Courts have eliminated the unlawful benefit Element Only because It is corrupt per se If you're not a lawyer To start interfering with evidence And the investigation of a proceeding But outside that context As this court found in Dexter and North The congressional proceeding Context involves a wild variety Of interactions This court said in North People try to interfere with congressional proceedings All of the time In that context Any wrongful purpose Is unconstitutionally vague We've cited point Dexter That's in the briefing We've cited Reeves We've cited Justice Scalia's concurrence and dissent in Aguilar And we believe that's sufficient The government has never explained Why this distinction between judicial proceedings Where wrongful purpose is okay And congressional proceedings Is acceptable Why those two proceedings can just be merged The courts have always found That they can't be merged I understand your position on that Can I ask you a different question? It seems that the gateway to get to all of this analysis Is ambiguity In order for us to The gateway to get to all of this analysis Is ambiguity We would have to find the words of the statute ambiguous In order for us to go down All of this analysis that we've been discussing So I'd like to know what your best argument is For why the words of the statute Are ambiguous Your Honor, we don't think they're ambiguous We think that the Reason that this statute's never been Extended beyond evidence impairment Availability is because the Notion would have been crazy Before this context So it's extended beyond it At the very least, Your Honor Extending C-2 beyond The realm of evidence when there's no statutory History supporting it, no precedent I'm sorry, but the words of the statute I'm talking about the words of the statute The words of the statute are quite clear And they're broad. Why is that ambiguous? It would be ambiguous If we were to interpret C-2 in isolation And say that that's not a sentence That subsection C is not a sentence And that C-2 can be read as a sentence fragment On its own. If we were to do that It's read in conjunction with C-1 C-1 has a list of things And otherwise Here are some other And anything else that it struts or repeats It would be ambiguous So why is that ambiguous? It would be ambiguous, Your Honor, because if we're outside The lane of evidence And investigations, we're floating in space Your Honor. So let's take the example of Congressional. But the words are not ambiguous Do you agree the words are not ambiguous? They're very general words Your Honor. They're general but Not ambiguous words. So a famous linguist Once said, meaning is use The meaning of a word is its use In the language. So if we just Look at the words themselves They are ambiguous Your Honor. I'm asking you why Okay, here's why Because context is important If we're inside the traditional lane Of investigations and evidence Those words have specific meaning Justice Scalia Explained what those words mean in the Aguilar But, Your Honor Are we inside the lane of traditional evidence? Your Honor, I'm just Trying to complete this one thought And then I think it's answering Your Honor's question If we If we take Congressional inquiries and Investigations, which is the classic Use of obstruction of Congress defense If we set that aside We're in a world where any type of Proceeding in Congress is obstructable Under the obstruction of justice laws So the actions that are criminal Are not as specified They're vaguer. If there's a For example, Your Honor, if there's a proceeding Go back to corruptly again So it's actually the act It's right. So if we're in a proceeding Let's assume Congress, if you'll allow me One hypothetical, Your Honor. Let's assume There's a Congressional investigation Such as the Select Committee that's investigating The attack on January 6th And they're issuing subpoenas to individuals As a defendant If you see that there's a Congressional investigation The types of actions That are obstructive and Influencing and impeding are within A conceptual lane It's an investigation Well, this goes to proceeding then There's also a definition of proceeding And there's no dispute that this was a Proceeding Well, I'm just going to answer The court's proceeding question, but then just Finish this one sentence about The lane I'm referring to with the vagueness Of obstruct, impede, and influence If we're in the context of investigation The types of those words Take on specific meaning Because they're well defined in the case law But if we're outside of that lane Of investigations and evidence Any type, they're not clear What type of act it is That's the actus reus Let's say there's a markup proceeding One of the trial court judges said that Now proceeding under the obstruction laws In Chapter 73 It could extend to markups at Congress Well, then you're criminalizing, essentially The business of lobbying and interest groups In Washington, D.C. Why? Because if an individual Were to approach a senator or a congressman And try to influence legislation A jury of 12 Could determine that is an obstructive or influencing Act, and if there's a Wrongful purpose, that's criminal Let me move to a different Topic, because if it were the case That your construction is correct The government says that The conduct here Alleged, the facts alleged, could fall Within the definition that you're proposing Because there was An attempt to stop I guess the examination of Documents. I guess that's Judge Nichols' View about which you're Also defending. You think That Judge Nichols' view is correct. Judge Nichols Says objects, documents Things of that nature, if you Obstruct, impede those types of things Then that would fall within the statute The government is saying that they Were stopping and obstructing the examination Of certifications in this case And so it falls within the definition That you're proposing. So it wouldn't fall Within the definition we're proposing, Your Honor Because an investigation Is involved when Congress Follows certain protocols to initiate An inquiry or investigation And in this Court's decision... I'm sorry Now I feel like you're questioning Proceeding, which is not before us. Everybody agrees That this was a proceeding, but now you're trying to Limit the statute to investigation Your Honor, we would Touch back a little bit on the point that the definition Of proceeding is not before the court, because again The principle is that the court has to give Meaning, give effect to every Word and phrase in the statute So when we're interpreting the phrase Obstruct, impede, or influence an official Proceeding, the court is necessarily Having to examine... Counsel, Forgive me, I just find it a little frustrating because I feel like it's whack-a-mole. I try to hone in on one Aspect of the statute and then you answer me About different aspects of the statute. No more rules, Your Honor So, thank you. So can we Just stick right now to the government's Assertion That if we interpret The statute the way Judge Nichols did, which you're Defending, that it would Apply to the facts of this Case because there was this Other means of impeding The examination certificates, which are Documents. So Your Honor, The certificates and Ballots that we've pointed out is not Evidence, because evidence is a material That proves the truth or falsity Of a proposition. A ballot is Registered... So right now we're sticking with Judge Nichols' Interpretation. Judge Nichols says He doesn't say evidence impairment. He Says documents, objects, Things of that nature. You say you're Defending Judge Nichols' interpretation And the government says that this Conduct falls within Judge Nichols' interpretation. That's what I'm asking you about. Stick with that. Yes. Your Honor, we are sticking with that. We're just only making clear that we are Taking the legal position that ballots Do not constitute evidence. That's the only Point we're making. So when Judge Nichols holds That as a matter Of law, outside the context of January 6th, the crime In Subjects in C2 is a type of Spoliation crime, we don't Read Judge Nichols to be saying I equate electoral Count ballots with evidence. Judge Nichols is holding required Equations with evidence. Because he says that those Evidence impairment cases are wrongly decided. He says strictly a textual Reading that limits it to the things In C1, which is Documents and other things of that nature. So, Your Honor, I think I'm answering the question when I say that We are Defending Judge Nichols' decision And we are acknowledging that Judge Nichols limits Subsection C2 To types of document impairment And that That would imply that the government Could supersede and allege That the defendants had interfered With documents. They have not done yet, Your Honor. That's not in the record. So we would say that the government has Not alleged at this point that these Affilies have interfered with documents On January 6th, had they had intent to. So you agree then that as a legal matter That factual, those factual Allegations would make out an Offense under Judge Nichols' reading and the government Could supersede their act. Your Honor, We don't think Judge Nichols reached The question of whether The ballots that were used on January 6th are The types of documents that he Is contemplating in Subsection C2. We don't think that's in the record right Now, but we're only making clear That our position is That ballots are not evidence. And if Your Honor would let me elaborate on that point I know, but your ballots are not evidence Argument goes to your theory, not Judge Nichols' theory. And yes, Your Honor, and if we were to extend The obstruction of justice laws into the Context of ballot counting, The implications are vast And very volatile, Your Honor. So consider one example. In 2000, we had a contest election Where one of the presidential candidates Sent members of his team to Encourage the stop Encourage individuals Counting votes to stop counting votes Because of hanging chads in the state Of Florida. There was not Just litigation, but there were teams Of operatives working for these teams Encouraging people to stop But in your interpretation of the law That was improper. Hanging chads should Or should not have been counted. Under the government's theory, You could classify the Candidate, the Democratic presidential Candidate's actions as obstruction of an Official proceeding. Because Under Section 5012, no proceeding Well, Your Honor, again, It roughly depends on any wrongful purpose Or any unlawful means If we determine in retrospect that Well, maybe these hanging chads should have Been counted. That was unlawful To stop the vote count with these chads. That could be considered an unlawful Means. But I guess if this Seems like a fanciful hypothetical It does. That is because, Your Honor, Obstruction of justice laws had never Extended into the realm of vote Counting. Sorry, just on this Suppose There were An allegation that A January 6 defendant Broke into Congress and actually Found the Certified votes And destroyed them. Would that be Covered by C2 on your theory? Your Honor, it wouldn't be under our theory Because, again, the obstruction of Congress event entails legislative Inquiries and investigations that it has Since 1940. But if we were to Stipulate that point and say we can extend This crime outside of investigations Then It seems closer to The classic destruction Of evidence case than to the case Of a guy who's in the gallery And starts shouting. Your Honor, We would say that's probably also obstruction Of federal property. And, again, So if we were to stipulate that We're an investigation, we're not. If we were to stipulate that's evidence And we're not, we would agree that that is more Classically the type of obstruction of This case. But So The issue here is that The government is not without remedies For every hypothetical we can Come up with in every January 6th Contact. For assault, we have assault. For interference with police officers, we have Interference with police officers. For trespass, Trespass. For parading in Congress, we have them as well. The crime They've created, and it is created because There's no support in the case law for it before This to extend it outside of evidence and It is sitting parasitically on every Other crime they've alleged. It's not Adding unique content to a crime. It is merely turbo Charging the sentencing guidelines For that offense. So if this Court were to hold that this is An evidence impairment crime, there is Virtually no effect On the classic types of meat and potato Crimes, so to speak, that They're covering with all these other offenses. It is sitting on top of every Single one of them and adding no content. Your honors, but I Think if the court will allow me, There's one point I'd like to make about The ramifications of this holding. It extends well beyond January 6th. If we were to Just consider historical acts of Protest at the Capitol that we consider That we celebrate You have made this Point at least three times. You know, if we do this, then it's Going to encompass protest. One of your Clients said, it was war, period. This was no protest, period. Right? Absolutely, your honor. So we're not talking about a protest, right? We would Push back on the notion that one person Determines what protest is Without looking at the objective facts. Put the quote aside. Was this a protest Or was this something more? Your honor, When you take it as a whole, Absolutely not. Running into the Capitol Assaulting police officers, Conspiring to stop The vote count, those are all not acts of protest. However, your honor, None of that happened in the Florida recount. None of the teams of lawyers None of that happened in the Florida recount. Your honor, but there's one more record Injustice earlier. I do take some Umbrage at the notion That maybe you have a strong textual Art. Maybe if we use A just in generis, an Oscar for our associates, We're worried about a surplusage canon, And we look to the title, I get all. And I think this is There are parts of this case that are close. But you seem to have Made a theme Of saying it would be Kind of An injustice, A gross imbalancing of the equities To treat Your clients The way courts and prosecutors Treat Lawful protesters For whom no prosecution should be brought And even unlawful But peaceful protesters. And so, I mean, we could go Through the list. I won't belabor it Too much more, but the teams Of lawyers that went down to Florida That you analogized to January 6th rioters today They didn't say, quote, Civil war should start. They didn't Use a grappling hook and a rope With a level 3 vest and a helmet and a mouth guard And a bump cap, like one of your clients did. They didn't say a democratic congress Should be taken to gallows, like one of your clients did. They didn't say we should have a mob trial. They didn't punch, kick, Punch officers using a bat And stomp. I mean, I could go on and on And on. I think you would have to concede That this has nothing to do With the protester outside The Capitol with a sign or with A lawyer who goes down to Florida To try to enforce Florida law and federal law And ensure a fair election. Right. It's an excellent point, and I would just like to Explain what I meant in response to that. So when I refer to injustice, There's two kinds, maybe, you might say. There's injustice relating to the facts of the case, What happened in the criminal case, and then there's Justice in what we're doing, which is Considering how the laws apply. And injustice I'm referring to is The principle that like is considered like. So when we have hundreds Of people who have done this very bad thing And they're running inside, and they're Parading misdemeanor. Parading and Demonstrating in the Capitol. And we have hundreds of people who do The exact same thing. And the government Is saying they all have the same purpose. It's to protest the 2020 election. When like is not treated like like, But you're not comparing like and like. That's right, correct? You just conceded. The Analogies you've given Of litigation in Florida in 2000 Are not like this. I was going to get to the Florida example At one point, but I was just, when I refer To injustice, I didn't reference Florida. I was merely referring To the scenario where one person Does the exact same thing. Mr. Brown and Mr. Black do the exact same thing. And they have the same intent. When the justice system doesn't treat them The same way, that is an injustice Itself. I'm with you on that, but why Isn't this, first of all, I'm not sure What that has to do with textual interpretation, Textualism, but even putting That aside, why isn't the solution to level up? Prosecute the next Group that does what happens Here. Hopefully it won't ever happen again. Well, your honor, I think that's when we would go back To the textual argument and say it wouldn't be appropriate To level up because the issue Here is the offense Has always existed. It's parading and demonstrating in Congress. Unfortunately, Congress In its wisdom has deemed that a class B misdemeanor. So when we I'm sorry. Isn't what you're referring to Just an exercise of prosecutorial discretion? No, your honor, because We have scenarios where it is stipulated That the conduct is You can see the conduct is exactly identical Walking to the Capitol. The purpose Is the same. That is The intent, the purpose, the wrongful Purpose is protesting the 2020 Election. I don't think this was unprecedented. Absolutely Unprecedented, your honor. It would be surprising that There's no precedent for a prosecution. It's unprecedented In the scale and The horror of the event. Absolutely. But it's not unprecedented in terms Of the actus reus that we're trying To define in the statute. There have been Countless examples when hundreds of people Have rushed inside Congress going back to The 1970s. There's a classic Case called Jeanette Rankin Brigade that this court Considered a march of 5,000 people. Counsel, I'm just trying to prevent you from going Into the far field here. My point is simply that There were a lot of people there that day. And there was a Panoply of Behavior that occurred. And we have Hundreds of these cases. And before I was Elevated to the D.C. Circuit, I sat in the district court and I had those Cases before me. They're all different. And so isn't That where prosecutorial discretion comes in To determine the gravity Of the conduct of each individual To determine which charges are appropriate to Charge. There's a felony Offense, which is enumerated Here in C2, and there's a misdemeanor, Which is the parading, demonstrating Offense. And prosecutors Look at the conduct of each individual And exercise their discretion Depending on the gravity of their conduct to determine Which to charge. Why is that unusual? That is commonplace. Your Honor, Prosecutorial discretion is absolutely Not unusual. I was making a slightly different Point that when it's agreed that the Actus reus and the intent Are the same, there might be different Factors that distinguish the cases in terms Of their severity. Right. Felony conduct instead of misdemeanor. But, Your Honor, we are Nevertheless, we are still in a world With the same actus reus And intent are both, at the same Time, a Class B felony And a Class B misdemeanor And a 20-year felony. That is not a normal Situation, Your Honor, as Your Honor knows. I can't think of another example where I'll give you an example. There's A case of felon in possession. You can prosecute that in D.C. Superior Court, or you can prosecute it here In Federal Court. And there are vastly Different sentences That are meted out depending on which court you're prosecuting It. That's prosecutorial discretion. Your Honor, when we were The exact same conduct. Your Honor, what's funny is that we need To pull this back to congressional intent. So the reason we're bringing up The Title 40 offense is to ask Did Congress intend When it's had this long-standing statute Of parading and demonstrating to Congress, did it Intend for C2 to cover Acts of protest unrelated to Evidence and investigations? Then we're back to Judge Walker's point. This is unprecedented. What happened here is unprecedented. And Congress used broad language That, on its plain face, Encompasses this conduct. We take the Court's point on that, and I just wanted to Take Judge Walker's point about the Protest and violence, because this is Absolutely essential in this case. It is unequivocally true That there were countless attacks of Violence and despicable conduct, Interference with police, and for all of those Individuals, they are not protesting And there's no argument otherwise. In NAACP v. Claiborne, the Supreme Court case, The Court was clear that This case involved acts of protest That also engaged violence at The exact same time. And the Court Was addressed with what Justice Stevens called The chameleon-like issue of Conspiracy in the context Of protest and violence. And the Court said that one does not Lose one's right to protest In a public forum like the Capitol grounds Simply because others around them are engaged In protest. There was a defendant, Charles Evers, President of the NAACP, who was heard Saying that folks might have their Necks broken at this next boycott. The Court found that That was actually still protected speech, Even though there were individuals breaking necks Or destroying property around them. So I think the point that we would Just make is that the protest question Depends on the defendant. And here, for acts that Judge Walker, for acts that Are the kind of conduct that's despicable, There's a statute that reaches Every single one of those. This obstruction of justice statute is Not reaching any of that conduct. It's just sitting on top of everything else. So thank you. Yeah. Thank you. Thank you. Rebuttal, Mr. Pierce? A handful of points, but of course Happy to answer any Residual questions. The first one I want to start with is one that Came up, which is sort of the mismatch Between the defendant's Proposed interpretation And the district court's. And I think at a very Core level, that illustrates The problem with Looking outside of the plain text. The plain text does not have this kind Of limitation in it. There's safeguards so that it does not Read as expansively as my friend on the other side Suggests. We talked about some of those Before, and I'm happy to address them here. But at the end of the day, when the Text says this is for Abruptly obstructing, Impeding, influencing an official Proceeding, which is defined as a Proceeding before the Congress And again, that's a point that the district Court has decided below. It is not up For whether it has to involve investigation Or inquiry, which is, by the way, precisely what Congress has already Prohibited in section 1505. That is the way that this court Should interpret it, consistent with its plain language, Not toggling between Interpretations that I think could well result In the kind of ambiguity That we saw in the ACCA and ultimately Led to its constitutional invalidation. Now, if this court were nonetheless Going to adopt an alternative Construction, we do think that we could Satisfy that. But we also Think that it's probably, that it would be appropriate To interpret it Somewhat broader than what Judge Nichols Said. At a minimum, it should also reach Any conduct that Prevents or thwarts The consideration of documents Or objects at an Official proceeding. That would be Consistent with sort of the document And object nexus that Judge Nichols Read into section 1512C2. And that would also clearly encompass the conduct Here. And it would also give C2 independent meaning. I'll pause for a moment. I don't know this to be true for sure, But I suppose one reason to Defendants seem to resist This notion about taking some object Taking some action with respect to a document Record or other object is Not only could that capture The defendant's conduct insofar as it Involved Tackling or, excuse me, Impeding the consideration of the electoral Certificates, but at least one of the defendants Defended Lange picked up a baseball bat And started swinging it at officers. That certainly seems like taking respect Taking action with respect to An object that led To the, you know, Obstructing the consideration of The document and obstructing More importantly the certification. So we don't think the court should go Down that path, but that alternative argument That alternative construction Should be broader. And then just very Finally, I think this came Out again, but one clarification Is I heard my friend on the other side Suggest that, you know, Wrongful purpose Is, you know, We're resting just on Wrongful purpose or that the Courts have, in some context, have Said that's not sufficient. What Justice Scalia and Aguilar discussed And what some Courts have talked about, I think Judge Silverman as well Has said, intention to obstruct In this kind of context is Not enough sufficient. Some courts Have said intention to obstruct in the judicial Context would be because It is impossible or Nigh impossible to imagine how someone could Intend to obstruct a judicial proceeding And have anything other than a corrupt purpose. Your friend made a factual assertion That in many of these Cases the jurors Are being instructed that corrupt Intent is sufficient. Do you disagree with that? So it is Corrupt, it is Wrongful or unlawful purpose Either independently corrupt Means or Corrupt or Unlawful and sometimes some judges Have said unlawful purpose alone and some have said Unlawful or wrongful purpose. That's fully consistent with the way Courts have read in not only the Judicial obstruction context but in the Congressional obstruction context. The problem Arises, I'm sorry. Do you Know of any precedent Where a court has said This checks the Corruptly box. No, there's a statute That uses the word corruptly. This checks That box where The means were Independently unlawful But there was no Intent To obtain An undue advantage For The defendant or Someone the defendant wanted to obtain An undue advantage. I think it's a difficult question to answer because When juries are asked to make That determination, I mean, I suppose That let's take these cases, not these Specific ones, but the January 6th cases. It is possible to make an argument to say Defendants wanted to secure for themselves The improper or unlawful advantage Of having their preferred candidate Prevail. I get that. That's not well briefed and Correct. Maybe we would go there, maybe We would not go there. I'm just wondering if any other Court has Accepted a definition of corruptly That finds Independently unlawful means To be sufficient. Absent a purpose of obtaining An unlawful advantage for the defendant or Someone. So I can offer An answer to the second part of the question, but not as much As the first by saying the following. Many, many courts Of appeals, some of which discussed When my friend on the other side was up here, have Defined corruptly without Reference to the improper Benefit standard. In fact, I'm not aware of any Court of appeals Or district court that has applied the improper Benefit to 1512c2, The statute at issue here. And many of those Convictions did involve Defendants engaging in other Independently unlawful means, sometimes reflected In other charges in the indictment. So I think that is a yes. But with the caveat That the improper benefit, again, wasn't Charged, wasn't something considered by those Who come in and say, we can Construct a narrative to say that one could Also say there was an improper benefit, but that Wasn't neither charged in the instructions Nor a holding of the court of Appeals. Thank you. Thank you. Thank you. The case is submitted.
judges: Katsas, Walker, Pan